**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4471**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LATEEF FISHER,

Defendant - Appellant.

_____

**No. 15-4550**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LATEEF FISHER,

Defendant - Appellant.

_____

Appeals from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:14-cr-00413-RDB-1)

_____

Submitted: September 30, 2016          Decided: October 7, 2016

_____

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

———————————

Sicilia Chinn Englert, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Evan T. Shea, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lateef Fisher appeals his conviction for conspiracy to distribute and possess with intent to distribute heroin. On appeal, he contends that the district court erred in denying his motion to suppress evidence seized from a storage unit, in permitting an agent of the Drug Enforcement Agency (DEA) to testify regarding drug trade codes, and in instructing the jury regarding the elements of conspiracy and drug quantity. Finding no error, we affirm.

First, Fisher argues that the district court erroneously denied his motion to suppress the cash and two guns seized from the storage unit rented in the name of his girlfriend. He posits that there was an insufficient basis to find that evidence of criminal activity would be found in the storage unit and, therefore, the warrant was invalid. Fisher also challenges the district court's conclusion that, even if the warrant was invalid, the good faith exception of United States v. Leon, 468 U.S. 897 (1984) applied.*

In evaluating the denial of a suppression motion, this court "review[s] the district court's factual findings for clear error and its legal conclusions de novo." United States v.

---

\* Because we conclude that the court did not err in determining that the warrant was valid, the district court's alternate holding need not be addressed on appeal.

3

Green, 740 F.3d 275, 277 (4th Cir. 2014); see United States v. Span, 789 F.3d 320, 325 (4th Cir. 2015) (defining clear error). The court "construe[s] the evidence in the light most favorable to the government, as the prevailing party below." Green, 740 F.3d at 277. We conclude that the evidence justly supported the search warrant on the storage unit.

Fisher also challenges the district court's qualification of DEA Agent Edwards as an expert in drug trade code, specifically the reliability of his methodology. Pursuant to Rule 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. We review the district court's decision to admit expert testimony under Rule 702 for abuse of discretion. United States v. Wilson, 484 F.3d 267, 273 (4th Cir. 2007) (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999)). The district court must be granted "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Wilson, 484 F.3d at 273. If an expert seeks to be qualified on

4

the basis of experience, the district court must require that he "explain how his experience leads to the conclusion reached, why his experience is a sufficient basis for the opinion, and how his experience is reliably applied to the facts." Id. at 274 (internal quotation marks and citation omitted).

In order to determine the reliability of an expert's methods, a district court should consider testing, peer review, error rates, and acceptability in the relevant scientific community. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593-94 (1993). However, as the Court stated in Daubert, the test of reliability is "flexible," and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Kumho Tire Co., 526 U.S. at 141. In applying these principles, "the measure of intellectual rigor will vary by the field of expertise and the way of demonstrating expertise will also vary." "[G]enuine expertise may be based on experience or training." Tyus v. Urban Search Mgmt., 102 F.3d 256, 263 (7th Cir. 1996). The Advisory Committee notes to Rule 702 specifically note that "[i]n certain fields, experience is the predominant, if not the sole, basis for a great deal of reliable expert testimony." Fed. R. Evid. 702, 2000 advisory committee note. Agent Edwards met the requirements for testifying to the meaning of coded language recorded from Fisher's calls and texts, and adequately

5

explained his methodology. The court carefully questioned Edwards on his methodology and how it was applied. Accordingly, there was no abuse of discretion in the district court's determination to accept Agent Edwards as a decoding expert. See United States v. Garcia, 752 F.3d 382, 391 (4th Cir. 2014) (approving methodology that identifies drug code by listening to context of the intercepted call and identifying language that does not otherwise make sense).

Finally, Fisher argues that the district court misstated the law when it instructed the jury that drug quantity is not an element of the offense in a curative instruction on conspiracy and drug quantity elements. "We review the district court's jury instructions in their entirety and as part of the whole trial, and focus on whether the district court adequately instructed the jury regarding the elements of the offense and the defendant's defenses." United States v. Wilson, 198 F.3d 467, 469 (4th Cir. 1999) (citation omitted). Fisher acknowledges that his failure to object to the instruction subjects this issue to plain error review. United States v. Robinson, 627 F.3d 941, 953 (4th Cir. 2010). To establish plain error, Fisher must show: (1) there was an error, (2) that was plain, and (3) that affected his substantial rights. United States v. Olano, 507 U.S. 725, 732, 735-36 (1993). Further, we will exercise our discretion and reverse a conviction based on a

6

plain error only where the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 732, 736 (brackets and internal quotation marks omitted).

"The purpose of jury instructions is to instruct the jury clearly regarding the law to be applied in the case." United States v. Lewis, 53 F.3d 29, 34 (4th Cir. 1995). We have reviewed these instructions in the context of the overall charge, and conclude that they fairly and accurately set forth the controlling law. United States v. Woods, 710 F.3d 195, 207 (4th Cir. 2013) (this court considers the jury charge as a whole to determine whether the instructions accurately stated the statutory elements). Fisher has not demonstrated that in the context of the overall charge, the challenged instructions did not accurately set forth the applicable law. Therefore, no plain error resulted.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7